# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DANIEL P. KLAHN, | CASE NO. 11-CV-1712 JLS (MDD) |
|---|---|
| Plaintiff, | **ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; (2) SUA SPONTE DISMISSING COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)** |
| vs. | |
| NHIC CORPORATION, | |
| Defendant. | (ECF No. 2) |

Plaintiff Daniel P. Klahn, proceeding pro se, has filed a complaint (Compl., ECF No. 1) and a motion to proceed *in forma pauperis* (IFP) (IFP Mot., ECF No. 2). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a). Here, Plaintiff is unemployed and receives $618 in biweekly unemployment benefits. (IFP Mot. 2.) Additionally, his wife earns $5200 per month. (*Id.* at 3.) Although Plaintiff and his wife's total income is substantial, however, so are their current obligations. Plaintiff and his wife carry over $100,000 in consumer debt, including approximately $50,000 in unsecured credit card debt. (*Id.* at 2–3.) They have less than $200 in two bank accounts, and most of their bills are thirty to sixty days behind. (*Id.* at 2–3.) Based on the information provided, the Court finds that Plaintiff is unable to pay

the required filing fee. Accordingly, his motion to proceed IFP is **GRANTED**.[1]

Notwithstanding the payment of any filing fee or portion thereof, a complaint filed by any person proceeding IFP is subject to a mandatory sua sponte review and dismissal to the extent that it (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B)(i)–(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners . . . ."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)). The Court must liberally construe "the 'inartful pleadings' of pro se litigants." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citing, *inter alia*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)).

Here, even taking Plaintiff's allegations as true, the Court finds that his complaint fails to state a claim on which relief may be granted and, accordingly, must be dismissed. The gravamen of Plaintiff's complaint appears to be that Defendant, a medicare contractor, unlawfully denied Plaintiff's claim for medicare benefits. (*See* Compl. ¶¶ 3–6.) However, the jurisdictional and statutory bases of Plaintiff's complaint are entirely unclear. Plaintiff attempts to cite various federal statutes, including "U.S.C. § 13-2:32," "U.S.C. § 13-1:23" and "U.S.C. § 13-2:24." (*Id.* ¶¶ 2, 4, 9.) Try as it might, however, the Court cannot determine the provisions of the United States Code to which these citations

---

[1] The Court notes that this call is a close one. Plaintiff's financial circumstances appear to be more or less of his own doing; much of his debt appears to arise from spending items that can hardly be termed "necessities of life," including a $65,480 Winnebago and a time share. (IFP Mot. 2; *see Temple v. Ellerthorpe*, 586 F. Supp. 848, 851 (D.R.I. 1984) ("If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents . . . of the necessities of life, then he should be required . . . to 'put his money where his mouth is.'" (quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971))).) Nevertheless, considering the volume of Plaintiff's current obligations in light of his income, the Court cannot say that he is able to pay the required filing fee.

1 refer. Given this lack of clarity, the Court concludes that Plaintiff's complaint fails to state a claim
2 on which relief may be granted.
3      Because Plaintiff's allegations are insufficiently clear to state a claim for relief, Plaintiff's
4 complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint
5 <u>clearly setting forth the jurisdictional and statutory bases for this action</u>, including the satisfaction of
6 any administrative exhaustion requirements, <u>within 28 days of the date that this Order is electronically
7 docketed</u>.

8      **IT IS SO ORDERED.**

10 DATED: August 19, 2011

11                                                                 Honorable Janis L. Sammartino
12                                                                  United States District Judge